[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence November 12, 1993 Date of Application November 27, 1993 Date Application Filed December 2, 1993 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Windham.
Docket Number: CR 11-79890;
M. Donald Cardwell, Esq., Defense Counsel, for Petitioner.
Roger Caridad, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was 31 years of age at the time, was originally charged with Sexual Assault, 1st degree (§ 53a-70(a)(2); Sexual Assault 4th degree (§ 53a-73a(a)(1)(A); and two counts of risk of injury (§ 53-21).
Plea bargaining resulted in the petitioner pleading guilty to two counts of Risk of Injury with the other counts being nolled. CT Page 10378 It was agreed that the state would recommend an effective sentence of 10 years, suspended after 6 1/2 years, with probation for 5 years. The petitioner reserved the right to argue for less.
An alternative incarceration plan was prepared which was not favorably considered by the sentencing court and the court did impose concurrent sentences on each count in accordance with the agreed cap, for an effective sentence of 10 years, suspended after 6 1/2 years to be followed by probation for 5 years.
The factual basis for these convictions is forced vaginal intercourse by the petitioner on an 11 year old female for a period of some 15 months. The child was actually 10 years old when the assaults began.
The petitioner admitted having sexual intercourse with the victim but portrayed himself as being seduced by the child. The victim is the daughter of a woman with whom the petitioner was living.
The victim was described as fearful of the petitioner. Her 7 and 9 year old siblings were aware of the sexual assaults but refrained from telling anyone as they were afraid the petitioner would kill them.
The victim is described by her therapist as very fearful and fragile, as is the younger sister.
The petitioner was represented by new counsel at his Sentence Review Hearing. He argues that the sentence was disproportionate and cites two cases from the Windham J.D., where lesser sentences were imposed for similar crimes. That kind of comparison has little, if any, value to the Review Division. Any number of factors could have entered into those sentences, which we cannot be aware of, and this is certainly not an exhaustive comparison.
Petitioner also argues that the sentence contains no treatment component, which would have been appropriate in this case. He argues that the sentencing court was not sufficiently apprised of the petitioner's efforts at rehabilitation and, that if it had been, would have likely imposed either a lesser term or even accepted the AIC plan, (which incidentally, was not endorsed by the Probation Department).
The sentencing court was aware of the petitioner's inpatient CT Page 10379 and outpatient substance abuse treatment at the Farrell Treatment Center in 1989; aware of subsequent outpatient counseling at the Institute of Living and United Services; and aware of his attendance at A.A. and N.A. several times a week.
It had a psychological evaluation report from the Northeast Clinical Specialists (which stated that Spencer's motivation for sex offender treatment was difficult to assess).
It had a report from the United Services detailing his participation in sex offender counseling while at the Brooklyn Correctional Center (which states that Spencer shows a good motivation for treatment although he was still in the early stages of it). Counsel at the sentencing told the Court "Since his arrest . . . he was incarcerated for eight months, Your Honor. You can see in the reports (emphasis added) he was active while at the Brooklyn Correctional Center . . . he's been active ever since in sexual offender treatment. As you can see from the reports, this is an on-going thing."
It appears that the sentencing court was, in fact, aware of the petitioners efforts at rehabilitation through counsel's comments, the pre-sentence report, the reports from the Farrell Center, Northeast Clinical Specialists, and United Services. It was also aware that he was employed, from the pre-sentence report. Also, the Court did impose specific conditions of probation, one of which was that the petitioner "enter and complete such sex offender counselling as may be deemed appropriate for him by the Office of Adult Probation." There is, in fact, a treatment component in this sentence.
The Review Division has a mandate to review a sentence in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory (i.e. public condemnation) purpose for which a sentence is intended. Practice Book § 942.
The charges in this case involve the repeated rape of an 11 year old child.
These are vile and heinous crimes calling for strong condemnation. The deterrent and public protection purposes in imposing a sentence under these facts needs no elaboration. CT Page 10380
The petitioner has no reason to complain that his sentence is somehow disproportionate or unreasonable. Quite the opposite is true.
The sentence is affirmed.
Purtill, Klaczak and Stanley, J.s, participated in this decision.